IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD D. CEPHUS, JR., § | | |
| TDCJ #1318675, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-0826 |
| § | | |
| MATTHEW PATRICK HORAK, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Ronald D. Cephus, Jr. (TDCJ #1318675, former TDCJ #702161), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Cephus has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated at his criminal trial. Cephus has also provided a memorandum in support of his claims. (Doc. # 2). Cephus appears *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

I.  **BACKGROUND**

Court records show that Cephus, who is currently incarcerated at the Ellis Unit in Huntsville, was convicted in the 232nd District Court of Harris County, Texas, of robbery in cause number 1003667. *See Cephus v. State*, No. 14-05-00681-CR, 2006 WL 2862140 (Tex. App. — Houston [14th Dist.] Oct. 10, 2006, pet. ref'd). In that case, Cephus was

accused of robbing a woman in a shopping center parking lot. *See id.* The indictment in that case was enhanced for purposes of punishment with allegations that Cephus had at least one prior felony conviction for aggravated robbery. *See id.* The jury found Cephus guilty as charged and, during the punishment phase of the trial, Cephus stipulated that he had three prior felony convictions for aggravated robbery, robbery, and credit card abuse. *See id.* The State also presented evidence that Cephus committed another unadjudicated offense, involving the robbery of another woman in a store parking lot. *See id.* After hearing all of the evidence, the jury sentenced Cephus to serve seventy-five years in prison. *See id.*

Cephus sues the prosecutor in cause number 1003667, Matthew Patrick Horak. Cephus complains that Horak made false and defamatory remarks about his character during trial by referring to him as a "stalker" and a "predator." Cephus contends that the prosecutor's characterization was "humiliating" and that the remarks have irreparably damaged his "character and reputation in the community." Cephus seeks compensatory and punitive damages in the amount of $500,000. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

As outlined above, Cephus complains that the prosecutor violated his civil rights by making false or defamatory characterizations about him during his criminal trial. Cephus's allegations are not actionable under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights

4

secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

Defamation is a tort under Texas law. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law). It is well established that there is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citing *White v. Thomas*, 660 F.2d

5

680, 684 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) (citation omitted)). To the extent that Cephus contends that he was somehow defamed by the prosecutor, these allegations fail to state a claim under 42 U.S.C. § 1983.

Moreover, prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings in this case fall well short of the type of allegations necessary to deprive the prosecutor of absolute immunity. Thus, to the extent that Cephus seeks monetary damages from a defendant who is immune from such relief, his complaint is subject to dismissal for this reason.

Alternatively, to the extent that Cephus complains that his conviction was wrongly obtained as a result of the prosecutor's false or defamatory statements, he fails to state a claim for another reason. According to the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff ordinarily must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." A claim for damages that bears a relationship to a conviction or sentence that has not been

so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Cephus's allegations of prosecutorial misconduct necessarily implicate the validity of his conviction and continued confinement. Court records reflect that Cephus's conviction has been affirmed on direct appeal. *See Cephus v. State*, No. 14-05-00681-CR, 2006 WL 2862140 (Tex. App. — Houston [14th Dist.] Oct. 10, 2006, pet. ref'd). Cephus does not allege or otherwise show that the conviction has been set aside or vacated. Under these circumstances, Cephus's civil rights claims are not cognizable under 42 U.S.C. § 1983. Accordingly, his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 3) is **GRANTED**.

2. Officials in charge of the Inmate Trust Fund are **ORDERED** to deduct funds from the account of Ronald D. Cephus (TDCJ #1318675) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. This case is **DISMISSED** with prejudice for failure to state a claim and for seeking monetary damages from parties who are immune.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  March 19th , 2008.

Nancy F. Atlas
United States District Judge